UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00091-03 |
| VERSUS | JUDGE ROBERT G. JAMES |
| THAXTER D. REYNOLDS | MAG. JUDGE KAREN L. HAYES |

### RULING

Pending before the Court are Defendant Thaxter D. Reynolds' ("Reynolds") Motion to Dismiss and/or Limit the Scope of Conspiracy and Drug Quantity [Doc. No. 93]. The Government has filed an opposition memorandum. [Doc. No. 94]. For the following reasons, Reynolds' motion is DENIED.

### ALLEGED FACTS

Reynolds is charged in two counts of an eleven-count Indictment. In Count 1, he, along with four named co-conspirators and "other persons both known and unknown to the Grand Jury" are charged with conspiring to distribute and to possess with intent to distribute a mixture and substance containing cocaine, a Schedule II controlled substance, between July 2012 and July 2014, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. No. 1]. In Count 7, Reynolds is charged with knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). *Id.*

### LAW AND ANALYSIS

Reynolds moves to dismiss the charges against him in Count 1 of the Indictment. Reynolds argues that he only bought cocaine from a man named Shannon Jenkins and was not

involved in the conspiracy. Alternatively, he argues that the amount of drugs in the conspiracy should only be the amount of drugs he sold to a confidential informant on four occasions between January 22, 2014, and March 5, 2014, an amount of approximately 9 grams. As an additional alternative argument, Reynolds contends that the amount of drugs in any alleged conspiracy between him and Shannon Jenkins should be limited to the amount he purchased from Mr. Jenkins.

The Government responds that the Indictment properly tracks the language of the statute and that, additionally, Count 1 details the manner and means of the conspiracy and scheme to defraud. Finally, the Government asserts that Reynolds' contention that he had a buy-sell relationship with Shannon Jenkins does not present an issue of law properly resolved in a motion to dismiss, but an issue of fact for trial. Likewise, the Government asserts that the Court has no legal basis to make a pre-trial factual determination restricting the quantity of drugs attributable to Reynolds' conduct.

Reynolds' motion is governed by Rule 12(b), which provides: "Any defense, objection, or request which is <u>capable of determination without the trial of the general issue</u> may be raised before trial by motion." Fed. R. Crim. P. 12(b) (emphasis added). "[A] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for a trial of the charge on the merits." *United States v. Mann*, 517 F.2d 259 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)). Therefore, courts lack the authority under Rule 12 to dismiss an indictment "on the basis of a 'sufficiency-of-the-evidence' defense which raises factual questions embraced in the

general issue." *Id*. at 267 (citing *United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir. 1973)).

"The test of the sufficiency of an indictment is whether it charges all of the elements of the offense so that an accused may prepare his defense and be protected against double jeopardy." *United States v. Barksdale–Contreras*, 972 F.2d 111, 113 (5th Cir. 1992) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The "'indictment need not precisely track the language of the statute; it is sufficient if it informs the defendant of every element of the offense charged.'" *Id.* (quoting *United States v. Hernandez*, 891 F.2d 521, 524 (5th Cir. 1989) (other citation omitted)).

In this case, Reynolds is charged in Count 1 as follows:

Beginning approximately June 2012, and continuing through on or about July 1, 2014, in the Western District of Louisiana and elsewhere, the defendants, BRODRICK D. SPIVEY, a/k/a "Fi," KIMONI A. McMURRAY, a/k/a "KiMonedy," THAXTER D. REYNOLDS, a/k/a "T-Bone," DECARRIOUS B. JENKINS, a/k/a "Rick James," and HAROLD A. JENKINS, a/k/a "Harold A. Jones["] and other persons both known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree together to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 . . . .

[Doc. No. 1, pp. 1-2].

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. The Government must prove that two or more persons, directly or indirectly, reached an agreement to distribute or possess with the intent to distribute cocaine, that the defendant knew of the unlawful purpose of the agreement, and that the defendant joined in the agreement willfully. *See* Fifth Circuit Criminal Pattern Jury Instructions, 2.95 (West 2015). If the

Government seeks enhanced penalties, it must also prove the amount of the drugs involved in the conspiracy.

After consideration of the Indictment and review of the statute under which Reynolds is charged, the Court finds that the Government has sufficiently charged the elements of the offense. Given the nature of the acts charged and the fact that Reynolds is charged both in the conspiracy and with the substantive acts at issue, he has received sufficient notice of his alleged wrongful conduct. In actuality, Reynolds attacks the factual basis underlying the Indictment, not the Indictment itself. In order to grant the instant motion, the Could would be required to consider the factual allegations against Reynolds. The question of whether the Government's evidence will be sufficient to meet its burden of proof at trial is an issue to be determined by the trier of fact, not for the Court in ruling on a motion to dismiss.

Moreover, as the Government properly points out, the Court has no basis for making a pre-trial determination as to the amount of drugs attributable to Reynolds in this alleged conspiracy.

## CONCLUSION

For the foregoing reasons, Reynolds' Motion to Dismiss and/or Limit the Scope of Conspiracy and Drug Quantity [Doc. No. 93] is DENIED.

MONROE, LOUISIANA, this 10th day of September, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE